**HIGH PLAINS COOPERATIVE ASSOCIATION, Plaintiff,**

v.

**MEL JARVIS CONSTRUCTION CO., INC., a foreign corporation, Defendant and Third Party Plaintiff,**

v.

**FARMLAND INDUSTRIES, INC., Third Party Defendant.**

**HIGH PLAINS COOPERATIVE ASSOCIATION, Plaintiff,**

v.

**FARMLAND INDUSTRIES, INC., a foreign corporation, Defendant.**

**Nos. CV88–L–224, CV88–L–248.**

United States District Court, D. Nebraska.

June 6, 1991.

Baylor, Evnen, Curtiss, Grimit & Witt, Stephen S. Gealy, Lincoln, Neb., for plaintiff.

Cline, Williams, Wright, Johnson & Oldfather, Kevin Colleran, Lincoln, Neb., for defendant.

## MEMORANDUM AND ORDER

DAVID L. PIESTER, United States Magistrate Judge.

United States Fidelity and Guaranty Company ("USF & G") has filed a second motion seeking intervention in this action for the purpose of propounding interrogatories to the jury. Although the second motion clarifies a misinterpretation of its first motion, 137 F.R.D. 285, nevertheless, I have concluded to deny permissive intervention in this action.

I am not unsympathetic to USF & G's request. In the general scheme of things

it appears to me totally appropriate for a jury to delineate the specific items of damage that it determines a plaintiff may have suffered, and to assign some responsibility for those specifics. However, in this case, I do not believe it is appropriate to open that inquiry in the manner suggested by USF & G.

First, the exclusions in the policy, which has now been provided to the court, are not, themselves, specific. USF & G appears to be relying on the policy's exclusions of coverage for damages:

(n) To property damage to the Named Insured's products arising out of such products or any part of such products;

(o) To property damage to work performed by or on behalf of the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

Although USF & G has taken the position that damages suffered by the plaintiff to the bin itself are excluded from coverage, it also has apparently acknowledged that certain consequential damages may be covered by the policy. Because Jarvis has not responded to the motion to intervene, it is not known whether Jarvis, the insured, agrees with USF & G's interpretation, but I anticipate that it does not. In order to receive from the jury a verdict of any meaningful value in resolving the dispute between USF & G and Jarvis, it may be necessary to instruct the jury on the meaning of these exclusions, or on the methods to be used by the jury to define their meaning. If there is disagreement between USF & G and Jarvis on those instructions, Jarvis may be precluded by its obligation to "cooperate" with its insurer, from fully voicing its position when—in this proceeding—USF & G and Jarvis are not adverse parties.

In addition, the possibility, of course, exists that, should the jury be given special interrogatories along the lines proposed by USF & G, its answers may not be totally consistent with its general verdict. Should that circumstance develop, the question arises as to whether the specific answers to the interrogatories—which pertain to a dispute foreign to these cases—should be allowed to influence or even overturn the general verdict returned by the jury.

The jury in this case will be faced with deciding a number of complicated factual contentions advanced by each of the parties now before the court. It will be a lengthy trial, and the jury will have before it an immense amount of evidence to consider. Although USF & G argues that to allow intervention may be in the interest of judicial economy, I fear that the opposite may be true. Rather than eliminating the need for a second lawsuit, intervention may simply amount to superimposing a third lawsuit on the two lawsuits already before me, with the possible consequence of undermining the reliability of the outcomes of all three disputes.

IT THEREFORE HEREBY IS ORDERED, the second motion of USF & G to intervene, filing 213 in CV88–L–248, is denied.